1 **MCGUIREWOODS LLP**
Adam F. Summerfield (SBN #259842)
2 Carlo L. Rodes (SBN #268170)
1800 Century Park East
3 8th Floor
Los Angeles, CA 90067-1501
4 Telephone: 310.315.8200
Facsimile: 310.315.8210
5
6 Attorneys for Defendant Nationstar Mortgage LLC
7
8                 UNITED STATES DISTRICT COURT
9     CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION
10

| | |
|---|---|
| 11 CINDY J. NEUDORFF | CASE NO. 5:14-cv-02608-FMO-SP |
| 12     Plaintiff, | |
| 13   vs. | **NOTICE OF MOTION AND MOTION TO DISMISS, FILED BY** |
| 14 NATIONSTAR MORTGAGE, LLC; | **DEFENDANT NATIONSTAR MORTGAGE LLC;** |
| NBS DEFAULT SERVICES, LLC; and | **MEMORANDUM OF POINTS AND** |
| 15 DOES 1 through 50, inclusive, | **AUTHORITIES** |
| 16     Defendants. | **[Filed Concurrently With Request for** |
| 17 | **Judicial Notice and Proposed Order]** |
| 18 | Date:        February 12, 2015 |
| | Time:       10:00 a.m. |
| 19 | Courtroom:   11 |
| 20 | (Removed from Riverside County |
| 21 | Superior Court, Case No. 1410837) |

22      TO ALL ATTORNEYS OF RECORD, THE CLERK OF THE ABOVE-

23 ENTITLED COURT, AND THE HONORABLE COURT:

24      **PLEASE TAKE NOTICE** that on February 12, 2015, at 10:00 a.m., or as

25 soon thereafter as this matter may be heard in Courtroom 11 of the above-entitled

26 Court, located at 312 N. Spring Street, Los Angeles, California 90012, the

27 Honorable Fernando M. Olguin presiding, Defendant Nationstar Mortgage LLC

28

("Nationstar") will and hereby does move the Court for an order dismissing the Complaint filed by Plaintiff Cindy J. Neudorff.

This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that Plaintiff's allegations do not state any judiciable claim for relief.  This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the pleadings and records on file, and any additional written or oral evidence presented at the time of hearing.

This Motion is made following the multiple attempts by counsel for Nationstar to meet and confer, pursuant to Local Rule 7-3.  Despite counsel for Nationstar's due diligence, the parties were not able to meet and confer.

DATED: January 5, 2014                    Respectfully Submitted,


MCGUIREWOODS LLP


By:        /s/ Adam F. Summerfield
                 Adam F. Summerfield
                 Attorneys for Defendant
                 Nationstar Mortgage LLC

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................1

II.    SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE
FACTS ...............................................................................................1

III.   STANDARD OF REVIEW ..................................................................2

IV.   PLAINTIFF'S CLAIMS ARE ALL PREEMPTED BY FEDERAL
LAW ...................................................................................................3

    A.     Plaintiff's Loan is Subject to HOLA .......................................3

    B.     State Laws Preempted by HOLA ............................................4

    C.     Plaintiff's HBOR Claims (No. 1) are Preempted ....................5

          1.    Cal. Civ. Code § 2923.7 ...............................................5

          2.    Cal. Civ. Code § 2924.18 .............................................6

          3.    Cal. Civ. Code § 2923.6 ...............................................6

          4.    Cal. Civ. Code § 2923.55 .............................................7

    D.     Plaintiff's UCL Claim (No. 2) is Preempted ...........................7

    E.     The Common Law Unfair Competition Claim (No. 3) is
Preempted .................................................................................7

    F.     The Implied Covenant of Good Faith and Fair Dealing Claim
(No. 4) is Preempted ...............................................................8

    G.     The Negligence Claim (No. 5) is Preempted ...........................8

    H.     The NIED Claim (No. 6) is Preempted ...................................8

    I.     The Declaratory Relief Claim (No. 7) is Preempted ...............8

    J.     The Injunctive Relief Claim (No. 8) is Preempted .................8

V.    PLAINTIFF'S HBOR CLAIMS MUST FAIL ...................................9

    A.     Cal. Civ. Code § 2923.7 ..........................................................9

    B.     Cal. Civ. Code § 2924.18 ........................................................9

    C.     Cal. Civ. Code § 2923.6 ..........................................................9

    D.     Cal. Civ. Code § 2923.55 ......................................................10

i

VI.    THE UCL CLAIM MUST FAIL..................................................................10

    A.    Plaintiff cannot state a Claim for "Unlawful" Acts or Practices..........10

    B.    Plaintiff cannot state a Claim for "Unfair" Acts or Practices ..............11

    C.    Plaintiff cannot state a Claim for "Fraudulent" Acts or Practices .......11

VII.   THE COMMON LAW UCL CLAIM MUST FAIL ....................................12

VIII.  THE BREACH OF THE COVENANT OF GOOD FAITH AND FAIR
    DEALING CLAIM FAILS............................................................................12

IX.    THE NEGLIGENCE CLAIM FAILS ..........................................................13

X.     THE NIED CLAIM FAILS ..........................................................................15

XI.    THE DECLARATORY RELIEF CLAIM FAILS .........................................15

XII.   THE INJUNCTIVE RELIEF CLAIM FAILS...............................................15

XIII.  CONCLUSION.............................................................................................15

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Alvarado v. Aurora Loan Servs., LLC*
  2012 U.S. Dist. LEXIS 135637 (C.D. Cal. Sept. 20, 2012) (Carter, J.) ............ 14

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*
  2011 U.S. Dist. LEXIS 73853 (N.D. Cal. 2011) ............................................... 12

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ................................................................................................ 2

*Beall v. Quality Loan Serv. Corp.*
  2011 U.S. Dist. LEXIS 29184 (S.D. Cal. 2011) .................................................... 3

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ................................................................................................ 3

*Cahill v. Liberty Mut. Ins. Co.*
  80 F.3d 336 (9th Cir. 1996) .................................................................................... 2

*Carley v. Wells Fargo Bank*
  2014 U.S. Dist. LEXIS 158652 (N.D. Cal. Nov. 10, 2014) .................................. 6

*Delacruz v. Cytosport, Inc.*
  2012 U.S. Dist. LEXIS 51094 (N.D. Cal. 2012) ................................................. 11

*FDIC v. Van Dellen*
  2012 U.S. Dist. LEXIS 146648 (C.D. Cal. 2012) ................................................. 3

*Fevinger v. Bank of Am, N.A.*
  2014 U.S. Dist. LEXIS 45648 (N.D. Cal. Mar. 31, 2014) .................................. 14

*Frias v. Wells Fargo Bank*
  2013 U.S. Dist. LEXIS 24148 (N.D. Cal. 2013) ................................. 7, 8, 9, 11

*Haggarty v. Wells Fargo Bank, N.A.*
  2012 U.S. Dist. LEXIS 143405 (N.D. Cal. 2012) (Breyer, J.) ............................. 3

*In re 5-Hour Energy Mktg. & Sales Practices Litig.*
  2014 U.S. Dist. LEXIS 149732 (C.D. Cal. Sept. 4, 2014) .................................. 15

*Javaheri v. JPMorgan Chase Bank, N.A.*
  2012 U.S. Dist. LEXIS 114510 (C.D. Cal. 2012) (Wright, J.) ............................. 3

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
  519 F.3d 1025 (9th Cir. 2008) ............................................................................... 2

*Marquez v. Wells Fargo Bank, N.A.*
  2013 U.S. Dist. LEXIS 131364 (N.D. Cal. 2013) ................................................ 6

*Mata v. Wells Fargo Bank, N.A.*
  2013 U.S. Dist. LEXIS 108197 (C.D. Cal. 2013) (O'Connell, J.) .......................8

*McDaniel v. Powell*
  2014 U.S. Dist. LEXIS 150791 (E.D. Cal. Oct. 22, 2014)................................ 15

*McFadden v. Deutsche Bank Nat'l Trust Co.*
  2011 U.S. Dist. LEXIS 91010 (E.D. Cal. 2011).................................................. 14

*Metzger v. Wells Fargo Bank, N.A.*
  2014 U.S. Dist. LEXIS 59427 (C.D. Cal. Apr. 28, 2014) (Kronstadt, J.) ...........7

*Naulty v. GreenPoint Mortg. Funding, Inc.*
  2009 U.S. Dist. LEXIS 79250 (N.D. Cal. 2009) ..................................................4

*Pua v. Recontrust Co.*
  2011 U.S. Dist. LEXIS 82624 (C.D. Cal. 2011) ................................................ 15

*Rivera v. Wachovia Bank*
  2009 U.S. Dist. LEXIS 68391 (S.D. Cal. 2009).....................................................5

*Settle v. World Sav. Bank, F.S.B.*
  2012 U.S. Dist. LEXIS 4215 (C.D. Cal. 2012) .................................................. 14

*Silvas v. E*Trade Mortg. Corp.*
  514 F.3d 1001 (9th Cir. 2008) ...................................................................... 4, 7

*Sybersound Records, Inc. v. UAV Corp.*
  517 F.3d 1137 (9th Cir. 2008) ......................................................................... 12

*Thompson v. Residential Credit Solutions, Inc.*
  2012 U.S. Dist. LEXIS 61598 (E.D. Cal. 2012)................................................. 15

*Williams v. Wells Fargo Bank, NA*
  2014 U.S. Dist. LEXIS 17215 (C.D. Cal. Jan. 27, 2014) (Selna, J.).............. 6, 9

*Yost v. Nationstar Mortg., LLC*
  2013 U.S. Dist. LEXIS 128504 (E.D. Cal. 2013)......................................... 10, 13

**CALIFORNIA CASES**

*Animal Legal Def. Fund v. Mendes*
  160 Cal. App. 4th 136 (2008) .......................................................................... 12

*Carma Developers, Inc. v. Marathon Development Inc.*
  2 Cal. 4th 342 (1992) ....................................................................................... 13

*Emery v. Visa Int'l Serv. Assoc.*
  95 Cal. App. 4th 952 (2002) ............................................................................ 11

*Farmers Ins. Exch. v. Super. Ct.*
  2 Cal.4th 377 (1992).......................................................................................... 10

*Hall v. Time, Inc.*
  158 Cal. App. 4th 847 (2008) .......................................................................... 12

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

*In re Tobacco II Cases*
  46 Cal. 4th 298 (2009)...................................................................................12

*Ingels v. Westwood One Broad. Servs., Inc.*
  129 Cal. App. 4th 1050 (2005) ....................................................................10

*Khoury v. Maly's of Cal., Inc.*
  14 Cal. App. 4th 612 (1993) .........................................................................10

*Korea Supply Co. v. Lockheed Martin Corp.*
  29 Cal. 4th 1134 (2003) ................................................................................10

*Mendoza v. City of L.A.*
  66 Cal. App. 4th 1333 (1998) .......................................................................13

*Nymark v. Heart Fed. Sav. & Loan Ass'n*
  231 Cal. App. 3d 1089 (1991) ..............................................................13, 14

*Software Design & App., Ltd. v. Hoefer & Arnett, Inc.*
  49 Cal. App. 4th 472 (1996) .........................................................................13

*Wagner v. Benson*
  101 Cal. App. 3d 27 (1980) ..........................................................................14

**FEDERAL STATUTES**

Home Owner's Loan Act, 12 U.S.C. § 1464 *et seq.* ("HOLA") ....................3, 4, 6, 7, 8

**CALIFORNIA STATUTES**

Cal. Civ. Code § 2923.6 .....................................................................................6, 7, 9

Cal. Civ. Code § 2923.7 ..................................................................................5, 6, 9

Cal. Civ. Code § 2923.55 ....................................................................................7, 10

Cal. Civ. Code § 2924.18 ...................................................................................6, 9

**OTHER AUTHORITIES**

12 C.F.R. § 560.2.....................................................................................................4

12 C.F.R. § 560.2(a) ...............................................................................................4

12 C.F.R. § 560.2(b)................................................................................................4, 5

12 C.F.R. §§ 560.2(b)(4) and (10).........................................................................6

12 C.F.R. § 560.2(b)(10) ........................................................................................8

Bill of Rights............................................................................................................5

Federal Rule of Civil Procedure 8(a)(2) ...............................................................10

Rule 12(b)(6) of the Federal Rules of Civil Procedure.........................................2

1

Rule 8 of the Federal Rules of Civil Procedure ........................................... 9, 10, 11, 13

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case revolves around a homeowner who received a $308,000.00 loan, secured by real property in Hemet, California.  Subsequently, she ceased making her payments as required by the terms of her promissory note and deed of trust.  As a result of her failures to pay, foreclosure proceedings were initiated.  Yet the homeowner, Plaintiff Cindy Neudorff ("Plaintiff"), filed this instant action seeking to hold the servicer of her mortgage, Nationstar Mortgage LLC ("Nationstar"), responsible and liable for her inability to make her payments and for the initiation of foreclosure proceedings.  However, as shown below, the eight claims in Plaintiff's instant Complaint must fail.

### II.   SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE FACTS

On or about January 27, 2006, Plaintiff obtained a loan in the amount of $308,000.00 from Lehman Brothers Bank, FSB, which was evidenced by a promissory note.  Deft's Req. for Judicial Notice ("RJN"), ¶ 1, Ex. A.  This loan was secured by a deed of trust over the real property located at 5191 Inglestone Drive, Hemet, CA 92545 (the "Property").  RJN, ¶ 2, Ex. B.

Plaintiff defaulted on her loan obligations, and on December 19, 2008, a notice of default was recorded by an agent for the beneficiary under her deed of trust.  RJN, ¶ 3, Ex. C.  Plaintiff failed to cure her default, and on March 23, 2009, a notice of trustee's sale was recorded.  *Id.*, ¶ 4, Ex. D.  The notice of default was rescinded on April 29, 2010 by an agent for the beneficiary under her deed of trust. *Id.*, ¶ 5, Ex. E.

Subsequently, Nationstar became the servicer on Plaintiff's loan.  Compl., ¶ 16.  Additionally, on June 4, 2013, an assignment of the deed of trust was recorded, assigning Plaintiff's deed of trust to Nationstar.  RJN, ¶ 6, Ex. F.

1    However, on July 18, 2014, due to Plaintiff's failure to make her loan

2    payments once more, Nationstar caused to be recorded a notice of default ("NOD").

3    RJN, ¶ 7, Ex. G.  Plaintiff failed to pay the outstanding arrearage, and a notice of

4    trustee's sale was recorded on October 24, 2014, estimating Plaintiff's outstanding

5    obligation at $345,404.12.  RJN, ¶ 8, Ex. H.

6    Plaintiff alleges that she made repeated attempts to seek a loan modification

7    from Nationstar, but that she "experienced both inefficient communication and

8    untimely updates from [Nationstar], forcing her further into default.  Compl., ¶ 20.

9    She also alleges that Nationstar failed to meet statutory requirements prior to

10   recording the 2014 notice of default.  *Id.*, ¶ 26.  Based upon these facts and

11   allegations, Plaintiff has brought eight causes of action against Nationstar.

12   However, for the reasons shown below none of these claims can constitute a

13   judiciable cause of action against Nationstar, and they must all be dismissed.

14   **III.   STANDARD OF REVIEW**

15   Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a

16   complaint for "failure to state a claim upon which relief can be granted."  In ruling

17   on a motion to dismiss, all of the well-pleaded factual allegations in a plaintiff's

18   complaint must be accepted "as true and construed in the light most favorable to a

19   non-moving party."  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.

20   1996).  However, a court is not required to accept "as true conclusory allegations

21   that are contradicted by documents referred to in the complaint."  *Manzarek v. St.*

22   *Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

23   Further, a complaint "must contain sufficient factual matter, accepted as true,

24   to state a claim to relief that is plausible on its face.  A claim has facial plausibility

25   when the pleaded factual content allows the court to draw the reasonable inference

26   that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S.

27   662, 663 (2009) (internal quotations and citations omitted).  Finally, the factual

28

1  allegations must be enough to raise a right to relief above the speculative level.  *See*

2  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3  **IV.   PLAINTIFF'S CLAIMS ARE ALL PREEMPTED BY FEDERAL LAW.**

4      **A.   Plaintiff's Loan is Subject to HOLA.**

5      At loan origination, Plaintiff's lender was Lehman Brothers Bank, FSB, a

6  federal savings bank regulated by the Office of Thrift Supervision.  RJN, Exs. A-B

7  *see also FDIC v. Van Dellen*, 2012 U.S. Dist. LEXIS 146648, at *2-3, n.6 (C.D. Cal.

8  2012) ("As a federal savings bank, the Bank was regulated and chartered primarily

9  by OTS"); *Beall v. Quality Loan Serv. Corp.*, 2011 U.S. Dist. LEXIS 29184, at *21

10  (S.D. Cal. 2011) ("OneWest, however, is a federal savings bank, regulated by the

11  Office of Thrift Supervision").

12      Loans issued by federal savings banks and federal savings associations prior

13  to July 21, 2011 are governed by the Office of Thrift Supervision, and the

14  preemption regime of the Home Owner's Loan Act, 12 U.S.C. § 1464 *et seq.*

15  ("HOLA").  *See Haggarty v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS

16  143405, at *3 (N.D. Cal. 2012) (Breyer, J.).  Additionally, it is proper to apply the

17  HOLA preemption analysis to the conduct of a successor to the federal savings

18  bank.  *Javaheri v. JPMorgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 114510, at

19  *9 (C.D. Cal. 2012) (Wright, J.) ("Although JPMorgan is not a federal savings bank

20  and is not regulated by the OTS, the same HOLA preemption analysis still applies

21  because the loan originated with Washington Mutual [a federally chartered savings

22  bank].").

23      This also remains true for conduct occurring after the enactment of the Dodd-

24  Frank Act, which transferred the OTS to the Office of the Comptroller of the

25  Currency.  *Haggarty, supra*, at *8 n.2 (citing *Davis v. World Sav. Bank, FSB*, 806 F.

26  Supp. 2d 159, 167 n.5 (D.D.C. 2011) ("The new regulation, however, does not

27  govern this case because regulations, like statutes, cannot be applied retroactively

28

1   absent the express direction from Congress.... [12 C.F.R.] Section 560.2 governs

2   here because it was the regulation in effect when the parties entered into the ...

3   mortgage loan transaction.")).

4   **B.      State Laws Preempted by HOLA**

5        "Through HOLA, Congress gave the Office of Thrift Supervision ('OTS')

6   broad authority to issue regulations governing thrifts.... As the principal regulator

7   for federal savings associations, OTS promulgated a preemption regulation in 12

8   C.F.R. § 560.2." *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir.

9   2008). Section 560.2 reads, *inter alia*:

> OTS hereby occupies the entire field of lending regulation for
> federal savings associations. OTS intends to give federal savings
> associations maximum flexibility to exercise their lending powers
> in accordance with a uniform federal scheme of regulation.

12  12 C.F.R. § 560.2(a).

13       These regulations are "so pervasive as to leave no room for state regulatory

14  control." *Silvas*, 514 F.3d at 1004-05. Step one of the HOLA analysis determines

15  whether the type of state law at issue appears in 12 C.F.R. § 560.2(b), which lists the

16  types of laws that HOLA preempts. *Id.* If that type of state law appears on the list,

17  the analysis ends and the law is preempted; there is no step two. *Id.* Further, any

18  presumption against preemption of state law does not apply to HOLA, and any

19  doubt should be resolved in *favor* of preemption. *Id.*

20       Specifically, the OTS regulations preempt state laws, and state law causes of

21  action, that impose requirements on federal savings banks. Under this preemption

22  analysis, courts are to look not "merely to the abstract nature of the cause of action

23  allegedly preempted but rather to the functional effect upon lending operations of

24  maintaining the cause of action, as required by [560.2(b)]." *Naulty v. GreenPoint

25  Mortg. Funding, Inc.*, 2009 U.S. Dist. LEXIS 79250, at *12(N.D. Cal. 2009). "Even

26  state laws of general applicability, such as tort, contract, and real property laws, are

27  preempted if their enforcement would impact thrifts in areas listed in § 560.2(b)."

4

1    *Rivera v. Wachovia Bank*, 2009 U.S. Dist. LEXIS 68391, at *6 (S.D. Cal. 2009).

2           Section 560.2(b) lists specific types of state laws that are preempted.  The list

3    includes state laws that purport to impose requirements regarding:

> The **terms of credit**, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan.  12 C.F.R. § 560.2(b)(4).
>
> **Loan-related fees**, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees.  12 C.F.R. § 560.2(b)(5).
>
> …
>
> Disclosure and advertising, **including laws requiring specific statements, information, or other content to be included** in credit application forms, credit solicitations, billing statements, credit contracts, or other **credit-related documents** and laws requiring creditors to supply copies of credit reports to borrowers or applicants.  12 C.F.R. § 560.2(b)(9).
>
> **Processing, origination, servicing, sale or purchase of**, or investment or participation in, **mortgages**….  12 C.F.R. § 560.2(b)(10).

16   (emphases added).

17           **C.     Plaintiff's HBOR Claims (No. 1) are Preempted.**

18           Plaintiff has claimed that Nationstar violated multiple provisions of the

19   Homeowners' Bill of Rights ("HBOR"), a recently enacted set of California state

20   statutes imposing various requirements on mortgage lenders and servicers.  As

21   shown below, these claims are all preempted.

22                  1.    Cal. Civ. Code § 2923.7

23           Section 2923.7 of the California Civil Code requires that a servicer provide a

24   single point of contact upon the request of a borrower who also requests a

25   foreclosure prevention alternative.  Plaintiff alleges that Nationstar violated this

26   statute because "numerous representatives at [Nationstar] that Plaintiff spoke with

27   were unable and/or unwilling to help [P]laintiff and consistently gave her vague

28

1  answers to questions. Compl., ¶ 33. Accordingly, this claim is preempted by 12

2  C.F.R. §§ 560.2(b)(4) and (10). "Section 2923.7 imposes requirements on

3  'processing' or 'servicing' of mortgages, or on the 'terms of credit,' and also seeks

4  to impose an obligation that effects lending." *Carley v. Wells Fargo Bank*, 2014

5  U.S. Dist. LEXIS 158652, at *15 (N.D. Cal. Nov. 10, 2014) (holding § 2923.7

6  preempted by HOLA); *accord Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist.

7  LEXIS 131364, at *15 (N.D. Cal. 2013).

8  2.  Cal. Civ. Code § 2924.18

9       Section 2924.18 of the California Civil Code requires that a servicer cannot

10  commence or continue foreclosure proceedings until a written decision on a

11  borrower's loan modification application has been issued. Plaintiff alleges that

12  Nationstar continued the foreclosure process despite claiming that she was also in

13  review for a loan modification. Compl., ¶ 35. This claim relates to the processing

14  and servicing of her loan, and to the circumstances under which it could be called

15  due and payable. Accordingly, this claim of dual tracking (*see* Compl., ¶ 12) is

16  preempted. *Williams v. Wells Fargo Bank, NA*, 2014 U.S. Dist. LEXIS 17215, at

17  *34 (C.D. Cal. Jan. 27, 2014) (Selna, J.).

18  3.  Cal. Civ. Code § 2923.6

19       Section 2923.6 of the California Civil Code requires a mortgage servicer,

20  when denying an application for a loan modification, to send a written notice

21  identifying to the borrower identifying the reasons for the denial. The servicer must

22  also inform the borrower that he or she has a right to appeal the decision within a

23  period of time not less than 30 days. Additionally, the servicer cannot institute

24  foreclosure proceedings until the appeal period has run. Plaintiff alleges that she

25  was not issued a formal denial of her loan modification, nor was she provided with

26  any reason for her denial, nor was she informed that she had 30 days to appeal the

27  decision. Compl., ¶ 37. Accordingly, it is preempted. "'[C]laims for violations of §

28

6

2923.6 are preempted by HOLA' because they implicate the 'processing' and 'servicing' of mortgages." *Metzger v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 59427, at *17 (C.D. Cal. Apr. 28, 2014) (Kronstadt, J.) (citations omitted).

### 4. Cal. Civ. Code § 2923.55

Section 2923.55 imposes multiple requirements on servicers before they may record a notice of default, including contacting the borrower to discuss foreclosure prevention alternatives (or attempting to do so with due diligence), or informing the borrower the he or she may request certain information from the servicer. Plaintiff alleges that she requested the listed information from Nationstar, but did not receive the requested documentation. Compl., ¶¶ 38-39. Accordingly, it is preempted, as it is a state law that attempts to regulate federal savings banks with respect to disclosures and servicing, and "is exactly the sort of statute that is proscribed by the HOLA." *Metzger, supra*, 2014 U.S. Dist. LEXIS at *18.

### D.   Plaintiff's UCL Claim (No. 2) is Preempted.

Plaintiff's Unfair Competition Law ("UCL") claim is predicated upon the above violations of HBOR. *See* Compl., ¶¶43-47. Accordingly, this claim too is preempted. *See Frias v. Wells Fargo Bank*, 2013 U.S. Dist. LEXIS 24148, at *14 (N.D. Cal. 2013) ("To the extent that Plaintiff's section 17200 claim is based on [a] violation of section 2923.5, the section 17200 claim is preempted because the section 2923.5 claim is preempted. *See Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1006 (9th Cir. 2008).").

### E.   The Common Law Unfair Competition Claim (No. 3) is Preempted.

Similarly, Plaintiff's "common law" UCL claim is also preempted. Plaintiff alleges that "[b]y purposefully avoiding mandatory communication requirements and curtailing possible opportunities for Plaintiff to avoid foreclosure" (Compl., ¶ 53), or in other words, by violating the above provisions of HBOR, Nationstar committed common law unfair competition. To the extent that such a claim exists,

1    it is preempted.  *See Frias, supra.*

2       **F.**     **The Implied Covenant of Good Faith and Fair Dealing Claim**

3             **(No. 4) is Preempted.**

4       Plaintiff's implied covenant claim appears to be based upon allegations that

5    Nationstar failed to follow the requirements of HBOR.  *See, e.g.,* Compl., ¶ 55.

6    Accordingly, it is also preempted.  *See Frias, supra.*

7       **G.**     **The Negligence Claim (No. 5) is Preempted.**

8       Plaintiff's negligence claim is predicated upon allegations that Nationstar

9    acted negligently in reviewing Plaintiff for foreclosure prevention alternatives,

10    specifically by providing vague explanations and unjustified excuses.  Compl.,

11    ¶¶ 58, 61.  Accordingly, this claim implicates the servicing provision of 12 C.F.R.

12    § 560.2(b)(10), and it is preempted.  *See Mata v. Wells Fargo Bank, N.A.*, 2013 U.S.

13    Dist. LEXIS 108197, at *15-16 (C.D. Cal. 2013) (O'Connell, J.) (negligence claim

14    predicated upon allegations of failure to communicate properly regarding loan

15    modification assistance and failure to evaluate borrower for foreclosure alternatives

16    preempted by HOLA).

17       **H.**     **The NIED Claim (No. 6) is Preempted.**

18       Plaintiff's negligent infliction of emotional distress ("NIED") claim appears

19    to also be predicated upon the violations of HBOR.  *See* Compl., ¶ 66.  Accordingly,

20    as the HBOR claims are preempted, so too is the NIED claim.  *See Frias, supra.*

21       **I.**     **The Declaratory Relief Claim (No. 7) is Preempted.**

22       Plaintiff's declaratory relief claim is predicated upon the allegation that

23    Defendants failed to follow HBOR requirements.  Compl., ¶¶ 71(A)-(B).

24    Accordingly, this claim is preempted.  *See Frias, supra.*

25       **J.**     **The Injunctive Relief Claim (No. 8) is Preempted.**

26       Plaintiff's claim for injunctive relief is also predicated upon the supposed

27    violations of HBOR.  Compl., ¶¶ 74-76.  Accordingly, this claim is preempted, as

28

1    the HBOR claims are also preempted.  *See Frias, supra.*

2    **V.    PLAINTIFF'S HBOR CLAIMS MUST FAIL.**

3        Plaintiff alleges a host of violations of various HBOR subsections.  However,

4    in addition to being preempted, none of these claims is actionable.

5        **A.    Cal. Civ. Code § 2923.7**

6        Plaintiff alleges that Nationstar failed to provide a single point of contact, as

7    required by Section 2923.7 of the Civil Code.  However, Plaintiff misreads the

8    statute.  In actuality, Section 2923.7(a) requires that a mortgage servicer provide a

9    single point of contact to borrowers seeking foreclosure prevention alternatives who

10   also request a single point of contact.  *See Williams v. Wells Fargo Bank, N.A.*, 2014

11   U.S. Dist. LEXIS 17215, at *23-24 (C.D. Cal. Jan. 27, 2014) (Selna, J.) ("[T]he text

12   of section 2923.7 requires that the borrower make a specific request for a single

13   point of contact....  The Complaint does not allege that Plaintiffs made any such

14   request.  Therefore, Plaintiffs cannot predicate a UCL claim based upon a violation

15   of Section 2923.7.").  Plaintiff has not alleged that she ever requested a single point

16   of contact.  *See, e.g.*, Compl., ¶¶ 31-34.  Accordingly, the claim must fail.

17       **B.    Cal. Civ. Code § 2924.18**

18       Plaintiff next alleges that Nationstar violated Section 2924.18 by continuing

19   with the foreclosure process while her loan modification application was still being

20   processed.  Compl., ¶¶ 34-35.  However, this statute only applies to institutions that

21   foreclosed on 175 or fewer residential real properties within the state of California.

22   Nationstar does not fit this criterion.  Accordingly, this statute does not apply.

23       **C.    Cal. Civ. Code § 2923.6**

24       Plaintiff fails to identify which, if any, Defendant actually violated this

25   statute, instead simply alleging that "Defendants" failed to provide the statutory

26   notifications.  This is insufficient under Rule 8 of the Federal Rules of Civil

27   Procedure.  "A plaintiff suing multiple defendants must allege the basis of his claim

28

1    against *each* defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which

2    requires a short and plain statement of the claim to put defendants on sufficient

3    notice of the allegations against them." *Yost v. Nationstar Mortg., LLC*, 2013 U.S.

4    Dist. LEXIS 128504, at *7 (E.D. Cal. 2013) (citations omitted) (emphasis in

5    original). Accordingly, this claim must fail.

6        **D.**     **Cal. Civ. Code § 2923.55**

7        Similarly, Plaintiff does not allege which Defendant violated Section 2923.55

8    of the Civil Code. Thus, the claim does not satisfy the basic pleading requirements

9    under Rule 8, and it must fail. *See Yost, supra.*

10 **VI.**    **THE UCL CLAIM MUST FAIL.**

11        In addition to being preempted, Plaintiff's UCL claim fails for a variety of

12    independent reasons. A claim under the UCL requires the allegation of ***particular***

13    facts showing ongoing unlawful, unfair, or fraudulent business acts on the part of

14    the defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143

15    (2003); *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

16        Instead of asserting any particular facts, Plaintiff simply repeats the

17    allegations related to her HBOR claims. *See* Compl., ¶¶ 43-47. However, these

18    broad assertions do not constitute any actionable claim under the UCL.

19        **A.**     **Plaintiff cannot state a Claim for "Unlawful" Acts or Practices.**

20        "[A]n action based on [the UCL] to redress an unlawful business practice

21    'borrows' violations of other laws and treats these violations … as unlawful

22    practices, independently actionable under section 17200 et seq. and subject to the

23    distinct remedies provided thereunder." *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal.4th

24    377, 383 (1992) (quotations and citations omitted). If a claim cannot be stated under

25    the "borrowed" law, a UCL claim cannot be stated either. *Ingels v. Westwood One*

26    *Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005).

27        Here, Plaintiff has not properly alleged any violations of underlying statutes

28

1  upon which her UCL claim could stand. As shown above, Plaintiff's HBOR claims

2  all fail. Accordingly, she cannot premise her UCL claim on these allegations. *See*

3  *Frias, supra*. Further, Plaintiff fails to state which Defendants purportedly violated

4  which statutes, in violation of Rule 8. Thus, Plaintiff fails to state a claim under the

5  "unlawful" prong of the UCL.

6      **B.  Plaintiff cannot state a Claim for "Unfair" Acts or Practices.**

7      To state a claim under the "unfair" prong of the UCL, a plaintiff must allege

8  that "(1) the consumer injury must be substantial; (2) the injury must not be

9  outweighed by any countervailing benefits to consumers or competition; and (3) it

10  must be an injury that consumers themselves could not reasonably have avoided."

11  *Delacruz v. Cytosport, Inc.*, 2012 U.S. Dist. LEXIS 51094, at *26 (N.D. Cal. 2012).

12  As with Plaintiff's other claims, Plaintiff fails to allege any actual injury. Instead,

13  her list of generalized grievances, without any underlying factual support, fails to

14  show that any consumer injury even exists. Accordingly, none of the elements of an

15  "unfair" claim can be met, as each requires a predicate injury. Therefore, Plaintiff

16  cannot state a claim for "unfair" acts or practices.

17      **C.  Plaintiff cannot state a Claim for "Fraudulent" Acts or Practices.**

18      Finally, a claim under the UCL "cannot be predicated on vicarious liability ...

19  a defendant's liability must be based on his personal participation in the unlawful

20  practices and unbridled control over the practices that are found to violate [the

21  UCL]." *Emery v. Visa Int'l Serv. Assoc.*, 95 Cal. App. 4th 952, 960 (2002). Here,

22  none of the alleged misconduct is alleged against Nationstar specifically. This

23  failure to differentiate between the various Defendants and their individualized

24  wrongful conduct, which runs afoul of the particularity requirement and the personal

25  participation requirement under the UCL, is fatal to the UCL claim.

26      Moreover, the "fraudulent" prong, post-enactment of Proposition 64, applies

27  where a business act or practice actually misleads a plaintiff. *See Hall v. Time, Inc.*,

28

158 Cal. App. 4th 847, 849 (2008).  To satisfy this "actual reliance" requirement, a private plaintiff must allege that a defendant's actions were an "immediate cause of the injury-producing conduct."  *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009). When the pleaded facts "do not naturally give rise to an inference of causation the plaintiff must plead specific facts affording an inference the one caused the other[]." *Animal Legal Def. Fund v. Mendes*, 160 Cal. App. 4th 136, 146 (2008).

Here, Plaintiff fails to allege that she was actually misled by any act or practice of Nationstar. *See, e.g.*, Compl., ¶¶ 41-49.  Accordingly, she cannot state a claim for "fraudulent" acts or practices, and the claim must fail.

## VII.   THE COMMON LAW UCL CLAIM MUST FAIL.

Along with being preempted, the common law UCL claim also fails for independent reasons.  Specifically, a claim for common law unfair competition is inappropriate to the facts of this case.  "The common law tort of unfair competition is generally thought to be synonymous with the act of 'passing off' one's goods as those of another."  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008); *see also Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 2011 U.S. Dist. LEXIS 73853, at *6-9 (N.D. Cal. 2011) (discussing *Sybersound* and the inapplicability of common law UCL claims to situations outside of passing off). Here, such conduct did not occur.  Accordingly, this claim should be dismissed.

## VIII.  THE BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM FAILS.

The elements of a cause of action for breach of the implied covenant of good faith and fair dealing are: (1) the existence of a contract; (2) the plaintiff did all, or substantially all, of the significant things the contract required; (3) the conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct.  *Carma Developers, Inc. v.*

*Marathon Development Inc.,* 2 Cal. 4th 342, 371-75 (1992).  Even if not preempted, this claim fails as a matter of law.

Here, Plaintiff has failed to state any substantive allegations against Nationstar whatsoever.  Rather, her entire claim is predicated upon one paragraph, namely "[b]y virtue of Defendants [sic] acts and practices, primarily in failing to abide by their own guidelines, as well as state requirements, in offering or accepting Plaintiff's alternatives to foreclosure, Defendants have breached their covenant of good faith and fair dealing."  Compl., ¶ 55.  This violates the requirements of Rule 8.  *See Yost, supra.*  Moreover, Plaintiff fails to allege the five required elements necessary for a claim of breach of the implied covenant of good faith and fair dealing.  The failure to plead a single element renders a claim fatally flawed; yet here, Plaintiff fails to plead all five.  Accordingly, the claim must fail.

## IX.  THE NEGLIGENCE CLAIM FAILS.

Even if not preempted, Plaintiff's negligence claim fails as a matter of law.  In order to state a claim for negligence, a plaintiff must plead: "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach; and (4) the plaintiff's injury."  *Mendoza v. City of L.A.,* 66 Cal. App. 4th 1333, 1339 (1998).  "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence."  *Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231 Cal. App. 3d 1089, 1093 (1991).  The existence of such a duty is an issue that the Court can decide as a matter of law in the pleading stage.  *Software Design & App., Ltd. v. Hoefer & Arnett, Inc.,* 49 Cal. App. 4th 472, 478 (1996).

Plaintiff alleges that "Defendants" owed her a duty of care when offering loan assistance.  Compl., ¶ 60.  This fails to meet the basic requirements under Rule 8.  *See Yost, supra.*  Additionally, it is well established that a financial institution owes no duty of care to a borrower when the institution's involvement in the loan

transaction "does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096; *see also McFadden v. Deutsche Bank Nat'l Trust Co.*, 2011 U.S. Dist. LEXIS 91010, at *38 (E.D. Cal. 2011) ("[s]imilarly, a loan servicer . . . owe[s] no legal duty to a borrower in an arms-length transaction that would support a negligence claim.").

California courts have repeatedly found that conduct related to the handling of a loan modification application does not remove the case from the general rule articulated in *Nymark* that a lender does not owe a duty of care to a borrower. *See Settle v. World Sav. Bank, F.S.B.*, 2012 U.S. Dist. LEXIS 4215 (C.D. Cal. 2012) ("Numerous cases have characterized a loan modification as a traditional money lending activity.") (collecting cases).

Moreover, public policy, as dictated in state and federal courts, rejects the imposition of a duty of care with regard to loan modification. "Public policy does not impose upon the Bank absolute liability for the hardships which may befall the [borrower] it finances." *Wagner v. Benson*, 101 Cal. App. 3d 27, 34 (1980).

The public policy as it relates to loan modifications, articulated directly by courts in this district, is clear. "If money lending institutions were held to a higher standard of care by offering a service that could benefit borrowers whose circumstances have changed, the money lender would be discouraged from leniency and would assert their rights to reclaim the property upon the borrower's default. The conventional-moneylender test shall be sufficient to determine that there is no duty of care owed in servicing Plaintiff's mortgage loan and loan modification." *Alvarado v. Aurora Loan Servs., LLC*, 2012 U.S. Dist. LEXIS 135637, at *17-18 (C.D. Cal. Sept. 20, 2012) (Carter, J.); *accord Fevinger v. Bank of Am, N.A.*, 2014 U.S. Dist. LEXIS 45648, at *23-24 n. 79, 80 (N.D. Cal. Mar. 31, 2014) (Grewal, M.J.) (collecting cases).  Accordingly, this claim fails.

1   **X.     THE NIED CLAIM FAILS.**

2          Along with being preempted, Plaintiff cannot assert a claim for NIED, as

3   NIED is not a recognized cause of action in California. *See McDaniel v. Powell,*

4   2014 U.S. Dist. LEXIS 150791 (E.D. Cal. Oct. 22, 2014) (citing *Burgess v. Super.*

5   *Ct.*, 2 Cal. 4th 1064, 1072 (1992). Accordingly, this claim must fail.

6   **XI.    THE DECLARATORY RELIEF CLAIM FAILS.**

7          Along with being preempted, Plaintiff's claim for declaratory relief also fails

8   because there is no independent cause of action for declaratory relief. *See Pua v.*

9   *Recontrust Co.*, 2011 U.S. Dist. LEXIS 82624, at *14 (C.D. Cal. 2011) ("As such, a

10  claim for declaratory relief is improper where, as here, the claim merely replicates

11  other substantive causes of action asserted in the pleading."); *accord Thompson v.*

12  *Residential Credit Solutions, Inc.*, 2012 U.S. Dist. LEXIS 61598, at *17 (E.D. Cal.

13  2012) ("[b]ecause plaintiff's other claims have been dismissed and declaratory relief

14  is not a cause of action in and of itself, the court must grant [defendants'] motion to

15  dismiss.). Thus, this claim must fail.

16  **XII.   THE INJUNCTIVE RELIEF CLAIM FAILS.**

17         As with Plaintiff's declaratory relief claim, even if the injunctive relief claim

18  were not preempted, it fails because there is no independent claim for injunctive

19  relief. *See In re 5-Hour Energy Mktg. & Sales Practices Litig.*, 2014 U.S. Dist.

20  LEXIS 149732, at *25 (C.D. Cal. Sept. 4, 2014) ("The Court notes, on its own

21  motion, that injunctive relief is not an independent cause of action. It is a form of

22  relief that may be granted if Plaintiffs prevail on a substantive claim.").

23  Accordingly, this claim must fail.

24  **XIII. CONCLUSION**

25         For the reasons stated above, each of Plaintiff's claims against Nationstar is

26  preempted and fails for independent substantive reasons. Accordingly, Defendant

27  Nationstar Mortgage LLC respectfully requests that the Court grant its motion to

28

1  dismiss Plaintiff's claims against it.  Further, as Plaintiff cannot rescue any of her

2  claims through amendment, Nationstar Mortgage LLC also requests that the Court

3  grant the instant motion to dismiss with prejudice and without leave to amend.

4  DATED: January 5, 2014                    Respectfully Submitted,

5
                                           MCGUIREWOODS LLP
6

7
                                           By:      /s/ Adam F. Summerfield
8                                                   Adam F. Summerfield
9                                           Attorneys for Defendant
                                           Nationstar Mortgage, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Adam F. Summerfield, certify that on January 5, 2015, the foregoing document entitled **NOTICE OF MOTION AND MOTION TO DISMISS, FILED BY DEFENDANT NATIONSTAR MORTGAGE LLC; MEMORANDUM OF POINTS AND AUTHORITIES** was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.


*/s/ Adam F. Summerfield*
Adam F. Summerfield