**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CINDY J. NEUDORFF,                    )    Case No. ED CV 14-2608 FMO (SPx)
                                      )
        Plaintiff,              )
                                      )
        v.                      )    **ORDER**
                                      )
NATIONSTAR MORTGAGE, LLC, et al.      )
                                      )
        Defendants.             )
_____      )

    Having reviewed all the briefing filed with respect to the Motion to Dismiss, filed by Defendant Nationstar Mortgage LLC ("Motion"), the court concludes as follows.

    Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). A Rule 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. See, e.g., St. Michael's Convalescent Hosp. v. California, 643 F.2d 1369, 1374 (9th Cir. 1981); Nolen v. Fitzharris, 450 F.2d 958, 958 (9th Cir. 1971). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with

"extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

Given the policy favoring amendment of complaints and that plaintiff is, in effect, entitled to amend the complaint, "once as a matter of course," see Fed. R. Civ. P. 15(a)(1), the court will grant the motion to dismiss and will dismiss plaintiff's Complaint with leave to amend.  In preparing the First Amended Complaint, plaintiff shall carefully evaluate the contentions set forth in defendant's Motion.  The court expects that defendant will agree to any amendments that will cure the alleged defects.

Based on the foregoing, IT IS ORDERED THAT:

1.      Defendant's Motions to Dismiss **(Document No. 10)** is **granted**.  The Complaint is **dismissed with leave to amend**.

2.      The Request for Judicial Notice filed with respect to the motion to dismiss **(Document No. 11)** is **denied** as moot.

3.      If plaintiff still wishes to pursue this action, she is granted until **February 11, 2015,** to file a First Amended Complaint attempting to cure, to the extent she believes is warranted by existing law, the alleged defects outlined in defendant's Motion.

4.      The First Amended Complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 14-2608 FMO (SPx).  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make her First Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).

5.      Plaintiff is cautioned that failure to timely file a First Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6.     Defendants shall file their respective Answers to the First Amended Complaint or motions pursuant to Fed. R. Civ. P. 12 no later than **February 25, 2015.**

7.     In the event that a defendant wishes to file another motion to dismiss, then counsel for the parties shall, on **February 18, 2015, at 10:00 a.m.**[1] meet and confer to discuss defendant's motion to dismiss. Defendant's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

Dated this 26th day of January, 2015.


                                                      /s/
                                        Fernando M. Olguin
                                  United States District Judge

---

[1]   Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement. The term "counsel" applies to parties pro se unless the context requires otherwise. See Local Rule. 1-3.