UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY J NEUDORFF<br><br>Plaintiff(s),<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, et al.<br><br>Defendant(s). | CASE NO:<br>5:14−cv−02608−FMO−SP<br><br>ORDER RE: SUMMARY JUDGMENT MOTIONS |

A deadline for dispositive motions has been set in the above−captioned case. Any motion(s) for summary judgment **shall** comply with all Federal Rules of Civil and Local Rules, as well as this Order. Please be advised that this Order contains requirements more specific than the Local Rules and Federal Rules of Civil Procedure.

1. <u>Local Rule 7−3 Conference</u>: The parties shall meet and confer, in person, to narrow and crystallize the issues to be argued in any summary judgment motion(s). The parties shall discuss *each issue* to be raised in the motion(s), as well as the law and evidence relevant to that issue, so that the parties' briefing may reflect that they are fully cognizant of the other side's position(s). If the briefing reveals that the parties are not on the same page with respect to the

issues and position(s) presented, the motion(s) shall be stricken.

2. Timing: The motion(s) shall be properly noticed under the Local Rules, see Local Rule 6–1, and filed by the deadline set forth in the Scheduling Order, but in no event less than twenty (20) days after the Local Rule 7–3 conference has taken place. See Local Rule 7–3.

3. Joint Brief: The parties shall work cooperatively to create a single, *fully integrated joint* brief covering all parties' summary judgment motions, in which each issue (or sub–issue) raised by a party is immediately followed by the opposing party's/parties' response. The joint brief shall set out each issue (or sub–issue), including legal argument and direct citation to both evidence and the statement of undisputed and disputed facts (i.e., not simply to the statement of undisputed and disputed facts), followed seriatim by the response with respect respect to that issue (or sub–issue), including legal argument and direct citation to evidence.

4. Citation to Evidence: All citation to evidence in the joint brief shall be directly to the exhibit and page number(s) of the evidentiary appendix, (see infra at ¶ 7), or page and line number(s) of a deposition. Parenthetical explanations are encouraged. The parties shall cite to relevant evidence to support factual assertions throughout the joint brief. Failure to cite to evidence in support of a factual assertion shall be deemed the party's admission that the party lacks evidence of that fact. Evidence not cited by a party in the joint brief shall be deemed admitted to be irrelevant.

5. Unnecessary Sections: The parties need not include a "procedural history", section, since the court would be familiar with the procedural history. The court is also familiar with the general standard for summary judgment, so that need not be argued. However, if a party believes a specialized standard is applicable, the party may brief such a standard. If preliminary issues – such as burden of proof, standard of review, or choice of law – are in dispute, the parties shall

brief such issues in accordance with ¶ 3, <u>supra</u>.

     6. <u>Page Limitation</u>: Each separately–represented party shall be limited to twenty–five (25) pages, exclusive of tables of contents and authorities. Repetition shall be avoided and, as always, brevity is preferred. Leave for additional space will be given only in extraordinary cases. The excessive use of footnotes in an attempt to avoid the page limitation shall not be tolerated. All substantive material, other than brief argument on tangential issues, shall be in the body of the brief.

     7. <u>Evidentiary Appendix</u>: The joint brief shall be accompanied by one separate, tabbed appendix of declarations and written evidence (including documents, photographs, deposition excerpts, etc.). <u>See</u> Local Rule 7–6. Declarations shall set out facts that would be admissible in evidence, and shall *not* contain argument. <u>See</u> Local Rule 7–7. Depositions, <u>see</u> Local Rule 32–1, and physical exhibits shall be lodged separately. The evidentiary appendix shall include a table of contents.

     8. <u>Evidentiary Objections</u>: All necessary evidentiary objections shall be made in the relevant section(s) of the joint brief.

     9. <u>Joint Appendix of Undisputed and Disputed Facts</u>: The joint brief shall also be accompanied by a joint appendix of undisputed and disputed facts. The 14–point font requirement of Local Rule 11–3.1.1 is waived for the purposes of factual appendix only. To avoid a Notice of Document Discrepancy, the appendix must be entitled "Statement of Uncontroverted Facts." <u>See</u> Local Rule 56–1. This appendix shall consist of a five column table:

     a. The first column shall contain the number of the fact alleged by a party to be undisputed. All asserted undisputed facts shall be sequentially numbered, but shall be divided into sections clearly denoting which party is asserting the undisputed fact (<u>e.g.</u>, D1, D2, . . . , P51, P52, . . .). Facts agreed to be undisputed need not be reasserted in later sections.

     b. The second column shall contain a plain statement of the fact.

*The fact shall not be compound.* If, for instance, the required response is disputed *in part*, the fact is compound. Further, neither legal arguments nor conclusions constitute facts.

    c. The third column shall contain citation to admissible evidence the party believes supports that fact. If multiple pieces of evidence are cited, parenthetical explanations of the nature and relevance of each piece of evidence shall be included.

    d. The fourth column shall contain the opposing party's/parties' to the asserted undisputed fact. The following are the only appropriate responses: (1) "Undisputed"; (2) "Disputed," along with a *brief* explanation of the dispute (e.g., "unsupported by admissible evidence," or "conflicting evidence presented"). Legal argument is not an appropriate response. See Local Rule 11–7.

    e. The fifth column shall contain citation to admissible evidence supporting the party's/parties' assertion of the disputed fact. If multiple pieces of evidence are cited, parenthetical explanations of the nature and relevance of each piece of evidence shall be included. If the party does not dispute the fact, or simply disputes the sufficiency of the asserting party's evidence, no citation is necessary.

10. <u>Failure to Properly Dispute a Fact</u>: A party's failure to properly dispute any fact asserted to be undisputed by the opposing side shall be deemed established for the purposes of resolving the motion(s). See Local Rule 56–3.

11. <u>Supplemental Memorandum</u>: After the joint brief is filed, each party may file a supplemental memorandum of points and authorities no later than fourteen (14) days prior to the hearing date. The supplemental memorandum shall not exceed ten (10) pages in length. No other separate memorandum of points and authorities shall be filed by either party in connection with the

---

[1] A large appendix may be divided into multiple volumes.

summary judgment motion(s).

      12. <u>Failure to Comply with this Order</u>: If it appears from the joint brief that the parties have not discharged their Local Rule 7–3 obligations in good faith, that the parties have not worked to fully integrate the document, or that the parties have otherwise failed to fully comply with this Order, the motion(s) shall be stricken, and the parties shall be required to repeat the process. If it appears that a party is/some parties are primarily responsible for the parties' failure to properly file an adequate joint brief, that party/those parties shall be subject to appropriate sanctions.

**IT IS SO ORDERED.**

DATED: February 6, 2015      /s/ *Fernando M. Olguin*
Fernando M. Olguin
United States District Judge